[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] I. PARENTING PLAN
1. CUSTODY:
The parties hereto agree to the following parenting plan acknowledging their differences but recognizing their strong desire to give their child the best upbringing possible. Both parents are fit parents and both will make unique, equally important contributions to their child's development such that she will know that she is loved and cherished and will grow up to achieve her full potential. Both parents have been involved in a responsible and nurturing relationship with their child. It is consequently in the child's best interest to enter into a parenting plan which reflects the sharing of rights and obligations.
Accordingly, the parties shall share joint legal care and custody of their child with primary residence to the Plaintiff/Mother. They shall exercise their parenting time in accordance with the access schedule delineated below. During the individual parenting time of the parties, each parent shall be responsible for the day-to-day decisions while the child is in their care. Both parents shall ensure that the child has all that she needs for the school days in which they are delivering the child to school such as lunches, permission slips and homework. This joint parenting plan shall be specifically conditioned upon the following: CT Page 12601
A. Illness: Each parent shall promptly notify the other in case of the child's serious illness while in his or her care. "Serious illness" shall mean any illness which confines the child to bed for more than two days or any illness which requires medical intervention. "Promptly" shall be defined as within 48 hours of the initial bed confinement, prior to any medical intervention if non-emergency, and immediately from any emergency room treatment facility.
B. Routine Medical Treatment: The parents shall at all times inform each other with respect to the health and emotional well being of the child. Each shall inform the other prior to any non-emergency medical appointments. Said information shall contain the name of the physician, the purpose of the visit and the date and time of the visit. Both parents shall be entitled to complete and full information from any treating health care provider of the child and to have copies of any and all reports or records promulgated by any such provider. Should there be any disagreement between the parties as to the efficacy of any treatment for the child, that person disagreeing with the treatment shall be entitled to seek a second opinion prior to the treatment being given. The payment for the second opinion shall be made in accordance with the provisions for unreimbursed, uncovered medical expenses. Should the second opinion differ from the first either party may seek a third opinion at their own expense.
2. CONSULTATION:
The parties shall consult with each other with regard to education, major medical decisions, religion and serious discipline with a view to arriving at a harmonious policy calculated to promote the child's best interest. The parties shall make every effort to set consistent standards of behavior for both homes. They shall resolve all parental conflict without involving the minor child in any manner. They shall not fight in front of the child, nor shall they demean the other parent or the other parent's choice of companion to the child or in front of the child. Both parents recognize that verbal attacks against or requests to carry hostile messages to the other parent is a direct assault on the child's self-esteem. The parties' child is attached to both parents and identify with both and these bonds are damaged when one parent behaves hostilely toward the other. Accordingly, neither parent shall attempt to resolve any conflict in the presence of the child. At no time shall the parents CT Page 12602 negotiate directly with the child with regard to any change in the schedule of access time, either during their own access time with the child or over the telephone. All changes in the access schedule shall be negotiated directly between the parties. Should any issue arise that is unresolvable, after consultation, Plaintiff/Mother as the residential parent, shall make an interim decision. However, the parties shall submit their disagreement to a qualified domestic relations mediator prior to resorting to Court action
3: TELEPHONE CONTACT:
Both parties shall enjoy reasonable and liberal telephone access to the child while the child is not in their custody.
4. PARENTING TIME: FATHER: Father shall exercise his parenting time with the child as follows:
A. Every Sunday from 3:30 p. m, until Tuesday to school or 9:00 p. m., if there is no school.
B. When Father has Sunday off, he shall additionally have Meghan from Saturday at 3:30 p. m., overnight through Tuesday to school.
C. If Father has Saturday and Sunday off, he shall pick up Meghan at bowling on Saturday morning.
Father shall give to Meghan and Plaintiff his schedule for the next six months so that they may plan accordingly.
Notwithstanding the above schedule, Meghan may opt to have additional time with, or less time with Father on five (5) occasions through the school year. Any punishment, however, shall follow Meghan to her Father's home, (i. e., no telephone, earlier curfew, et cetera).
Both parents shall be fully entitled to participate in Meghan's extracurricular and school functions regardless of whose custodial access time it is.
The parties shall maintain a notebook folder for the purpose of exchange of information about Meghan. CT Page 12603
5. A. SCHOOL VACATIONS:
Each parent shall have the option of up to two consecutive weeks with the child during their summer school vacation time uninterrupted by parenting time with the other party. Any vacation time that the child may have during February and April shall be split evenly between the parents. Should there be two full weeks of vacation time each parent shall be entitled to one full week including the polar weekends. The parents shall make every attempt not to fragment these weeks including. Should either parent not be able to have an entire week due to the particular school schedule that parent shall be entitled to the extra time in the succeeding summer.
 B. HOLIDAYS:
6. RELOCATION:
The Parenting Plan is specifically conditioned upon both parents residing within twenty-five (25) miles of their current residence. If either parent relocates in excess of twenty-five (25) miles, they shall give ninety (90) day notice to the other parent prior to such relocation and the issue of residential requirement shall be reviewed by the Court. However, the parenting access schedule shall not be altered unless agreed to by the parties pending Court action. Should the relocating parent move such a distance as to make the exercise of the Parenting Plan impossible, the parent who remain in his or her residence shall be primarily responsible for ensuring that the child attend school.
7. MEDICAL COVERAGE:
Defendant/Father shall maintain the child on any plan of medical insurance that is now in existence or that becomes available in the future as an incident of employment of either of the parties. Any unreimbursed medical expenses for the minor child shall be equally paid by the parties.
except that it shall terminate upon the death of either party or remarriage of the Defendant.
8. LIFE INSURANCE:
CT Page 12604
Both parties shall maintain any life insurance policies presently in effect for the benefit of the child. The child shall be named as irrevocable beneficiary until she attains majority
IN WITNESS WHEREOF the parties have hereunto set their hands and seals this _____ day of _____, 1998.
Signed, sealed and delivered in the presence of:
Catherine M. Duthrie, Plaintiff L.S.
Jeffrey A. Duthrie, Defendant L.S.
STATE OF CONNECTICUT)) ss: COUNTY OF )
Personally appeared CATHERINE M. DUTHRIE, signer and sealer of the foregoing instrument, and acknowledged the same to be her free act and deed, before me.
Commissioner of the Superior Court
STATE OF CONNECTICUT)) ss: COUNTY OF )
Personally appeared JEFFREY A. DUTHRIE signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.
Commissioner of the Superior Court